**Stanton R. Gallegos, OSB #160091**
StantonGallegos@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**L. Timothy Fisher***
ltfisher@bursor.com
**Joshua B. Glatt***
jglatt@bursor.com
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455

**Max S. Roberts***
mroberts@bursor.com
**Caroline C. Donovan***
cdonovan@bursor.com
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7408
*Attorneys for Plaintiffs*
*\*Pro Hac Vice Application Forthcoming*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| LOUIS BOLOGNA AND PATRICIA RAMIREZ, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiffs, | **(1) VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT ("CLRA"), CAL. CIV. CODE § 1750,** *et seq.***; (2) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), CAL. BUS. & PROF. CODE § 17200,** *et seq.***(3) VIOLATION OF NEW YORK GEN. BUS. LAW ("GBL") § 349** |
| v. | |
| ON INC., | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

Plaintiffs Louis Bologna and Patricia Ramirez ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant On Inc. ("Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel, except as to allegations based on their personal knowledge.

## NATURE OF THE ACTION

1.      This is a putative class action brought by Plaintiffs who purchased Defendant On Inc.'s ("On Clouds" or "Defendant") athletic shoes made with "CloudTec" technology.

2.      Defendant is a leading manufacturer and seller of wildly popular running shoes. Defendants' shoes have grown in popularity because of their CloudTec design used for the "outsole" of the shoe, which is comprised of hexagonal, octangular, and ovular shaped holes that form the external landing surface of the shoes.

3.      The CloudTec technology is intended to provide cushioned support when wearers land. But when the consumer steps, whether walking or running in them, the sliding rubber within the CloudTec rubs together, causing a noisy and embarrassing squeak with each and every step.

4.      Though seemingly inconsequential, according to upset consumers publishing their experience, Defendant has refused to cover this defect—which it has been on notice of—under its warranty. Accordingly, consumers are left with no relief after buying almost $200 shoes they can no longer wear without their doing significant DIY modifications to the shoe.

5.      No reasonable consumer would purchase Defendant's shoes—or pay as much for them as they did—knowing each step creates an audible and noticeable squeak that can only be addressed through DIY physical alterations to the shoe or ceasing to wear the shoes completely. Accordingly, Plaintiffs bring claims against Defendant on behalf of themselves and all others

similarly situated for violations of (1) California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (2) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), (3) New York Gen. Bus. Laws ("GBL") §§ 349 and 350.

## THE PARTIES

6.     Plaintiff Patricia Ramirez is a citizen of California and a resident of Downey, California.  In September 2024, Plaintiff Ramirez purchased a pair of On Cloudmonsters from a Dick's Sports Goods.  Plaintiff's Cloudmonsters are supported by CloudTec technology.  In using her shoes, Plaintiff Ramirez noticed a squeaking almost immediately with every step that she been unable to stop.  Plaintiff Ramirez only used them three times before giving up on them.  Indeed, she cannot walk and run in her On Cloudmonsters without experiencing a squeak with each step.  Accordingly, Plaintiff Ramirez is no longer able to use her shoes as intended due to the embarrassment and annoyance the squeaky noise defect causes.  In purchasing her shoes, Plaintiff Ramirez relied on Defendant's representations and omissions, including Defendant's failure to disclose the immense squeaking associated with the shoes.  But for Defendant's omissions, Plaintiff Ramirez would not have paid as much for her shoes as she did, or would not have purchased them at all.  Thus, Plaintiff Ramirez was injured by the price premium she paid for the shoes as a result of Defendant's material representations and omissions.

7.     Plaintiff Louis Bologna is a citizen of New York and resident of Wantagh, New York.  In September 2024, Plaintiff Bologna purchased a pair of Cloud Monsters from Defendant's website from his home in New York.  Plaintiff's Cloud Monsters are supported by CloudTec technology.  After approximately three months of using his shoes, Plaintiff Bologna noticed a squeaking with every step that he has been unable to stop.  Plaintiff Bologna cannot walk and run in his Cloud Monsters without experiencing a squeak with each step.  Accordingly,

Plaintiff Bologna is no longer able to use his shoes as intended due to the embarrassment and annoyance the squeaky noise defect causes. In purchasing his shoes, Plaintiff Bologna relied on Defendant's representations and omissions, including Defendant's failure to disclose the immense squeaking associated with the shoes. But for Defendant's omissions, Plaintiff Bologna would not have paid as much for his shoes as he did, or would not have purchased them at all. Thus, Plaintiff Bologna was injured by the price premium he paid for the shoes as a result of Defendant's material representations and omissions.

8.     Defendant On Inc. is a Swiss corporation with its principal place of business in Portland, Oregon. Defendant markets, manufacturers, and sells its athletic shoes with CloudTec technology throughout California, New York, Oregon, and the United States.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act ("CAFA"), because at least one member of each Class is a citizen of a different state than Defendant, there are more than 100 members of the Classes, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.

10.     This Court has personal jurisdiction over Defendant because Defendant is headquartered in Oregon.

11.     Venue is proper in this District under 28 U.S.C § 1391 because Defendant resides in this District, and venue in this division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Multnomah County.

## FACTUAL ALLEGATIONS

**I.    DEFENDANT'S CLOUDTEC TECHNOLOGY IS DEFECTIVE**

12.    On Cloud is a German company that has achieved tremendous success in the United States.  In 2024, the company brought in about $2.5 billion.  Since its entrance into the United States market in 2019, the company's share of the footwear market has grown nearly eightfold.

13.    On Cloud sells more than 60 varieties of men's and women's shoes.  The majority—but not all—are made with CloudTec technology.  Indeed, Tim Loh and Lily Meier of Bloomberg Businessweek credit Defendant's success to "figuring out how to bring to market the net multibillion-dollar sneaker technology to dazzle the public's feet the way it's managed to do with its CloudTec cushioning."

14.    Defendant's CloudTec is its signature design.  The CloudTec outsole most notably features hexagonal, octangular, and ovular shaped holes designed to cushion the user as they step.  It is designed to "deliver comfort, [and] support a more efficient run" while it "absorbs impact, reduces strain and adapts to [a consumer's] running style to create a sensation loved by runners around the world."



15.     As Defendant explains, the outsole "compresses vertically and horizontally before expanding, maintain[ing] your momentum and propelling you forward."[1]  Because of this design, however, a loud and persistent squeak emanates from the "[f]riction in the CloudTec pods."[2]

16.     As one online theory supposes, this occurs because, with each step, "[t]he foam inside these holes rubs together, causing friction and that annoying squeak."[3]  The sound is amplified by "[m]oisture trapped under the insole."[4]

17.     Regardless of the exact reason why, each shoe Defendant designs, manufactures, and sells with the CloudTec outsole has the same issue: a loud, embarrassing, and difficult to stop squeaking sound that emits with each step.  And because each version of the shoe made with a CloudTec outsole is advertised the same, designed nearly—if not completely—the same, each version of Defendant's shoes are substantially similar.

18.     Defendant's shoes are not cheap either.  The shoes with CloudTec outsoles retail from between $140-$180.  Even the cheaper-priced CloudTec shoes are above the 2023 national average of $132.90 for a pair of running shoes.[5]

19.     At issue are each of Defendant's Products made with CloudTec, including but not limited to:

(a)     Cloud 5

---

[1]  On Clouds, *CloudTec*, *Run on Clouds*, available at https://www.on.com/en-us/explore/technology/cloudtec?srsltid=AfmBOor6s11xYtvKUR6xT7i2qupaRG_IZ2_fsh2IlkcMnGtgkcyGb21L, at 00:13-00-18.

[2] Alastair, *How To Stop Your On Cloud Shoes Squeaking*, Trail & Kale (Oct. 14, 2024) available at https://www.trailandkale.com/tips/how-to-stop-on-cloud-shoes-squeaking/.

[3] *Id.*

[4] *Id.*

[5] Jens Jakob Anderson, *Running Shoes Statistics*, RunRepeat (Sept. 4, 2023), available at https://runrepeat.com/running-shoes-statistics.

(b)     Cloud 6

(c)     CloudMonsters

(d)     Cloudtilts

(e)     Cloudsurfers

(f)     Cloudeclipse

(g)     Cloudleap

(h)     CloudSky

(i)     Cloudswift

(j)     Cloudzone

(k)     Cloudrunner

20.     Each Product is made with a CloudTech technology sole.  Inclusive of each style of shoe is each version's subsequent edition.[6]  As such, each Product is made with the same defect that causes the squeaking Plaintiffs and Class Members have experienced.

## II.    CONSUMERS HAVE TAKEN IT UPON THEMSELVES TO TRY AND REMEDY DEFENDANT'S DEFECT

21.     The incessant squeaking has injured Plaintiffs and similarly situated consumers. Indeed, a cursory search on Google produces scores of consumer complaints about this critical defect.  In fact, several Reddit pages are dedicated to addressing this issue.[7]



Why do Oncloud shoes always end up squeaking

Hello all. I'm on my third pair of cloud surfers and again like all the pairs squeak when I walk. I already got an exchange once from On, but they said that was only a one time exchange.

---

[6] For example, the Cloudrunner line is inclusive of the Cloudrunner 2.  Discovery will narrow or broaden the scope of Products at issue in this Complaint.

[7] *See e.g.,* Reddit, *r/ONrunning, Why do OnCloud shoes always end up squeaking*, available at https://www.reddit.com/r/ONrunning/comments/1b7sxkg/why_do_oncloud_shoes_always_end_up_squeaking/.

22.    There is no easy fix.  Consumers have taken it upon themselves to share at-home "DIY" remedies.  Of the less invasive remedies, some websites suggest "[r]ub[ing] [coconut] oil into the holes of the CloudTec midsole, focusing on the heel and midfoot where the squeaking is usually worse."[8]  To address the possible moisture issue, sites suggest sprinkling a light layer of baby powder in the shoe and reinserting the insole.  However, neither of these are proven, permanent, or long-term solutions.

23.    One Reddit commentor, taking a more permanent approach, suggests that fellow consumers "[r]ub (or floss) the sandpaper back and forth to scuff up the inside of each pod.  [He] did it about 10 times for each hole."[9]  This worked, the commentor surmised, because "by roughing up the inside of each shole so that when it rubs together, it's not smooth enough to squeak."[10]



---

[8] Alastair, *supra*.

[9] Reddit, *R/RunningShoesGeeks*, available at https://www.reddit.com/r/RunningShoeGeeks/comments/18nz5bg/how_to_get_rid_of_on_running_shoe_squeak/.

[10] *Id.*

24.     But even this method does not solve the problem.  The defect is so pervasive that a consumer must use an extremely coarse file to fix their $180 shoe:



25.     Communities on TikTok[11] have emerged seeking solutions as well.  But instead of answers, posters receive comments affirming their experiences:



TikTok, @dmarge (Oct. 19, 2024), available https://www.tiktok.com/@dmarge/video/7427602488963894533.

26.    The squeaking has caused issues for consumers in their daily lives.  Despite

Defendant billing their Products as "all-day, every day"[12] shoes, consumers who spend

significant time on their feet—like nurses[13] at work—bear the brunt of this defect:



27.    No reasonable consumer would purchase shoes as highly priced as Defendant's—

or paid as much for them as they did—if they needed to make DIY alterations to make the

Products wearable, or cease wearing them completely due to the squeaky noise defect.

---

[12]   On Clouds, *The Cloud Collection*, available   https://www.on.com/en-us/shop/shoes/
cloud?srsltid=AfmBOooNysmn08Antz72uY8DKmRsbZ9US0ZfW5hwxu31xVHvov4mIyr4.

[13]   TikTok, @nurse_lilin, (Feb. 2022) *available*  https://www.tiktok.com/@nurse_lilin/video/
7474154525255863560.

III.     **DEFENDANT IS AWARE OF THE ISSUE BUT DENIES CONSUMERS HELP**

28.     As consumers have noted, Defendant is fully aware of the problem:



29.     Indeed, Defendant's warranty "does not extend to defects due to the wrong fit, [or] normal wear and tear,"[14, 15] and for that reason, consumers have reported being left in the lurches as Defendant has categorized the squeaking as normal wear and tear:

---

[14]     OnClouds, *Terms and Conditions*, available at https://www.on.com/en-us/terms-and-conditions?srsltid=AfmBOorTsMYF1hq89l5D9-iYqA_Z4O2bGRjYGVwC2xHFhaZpIvmkYQ dT#11-miscellaneous.

[15]     Defendant's warranty on its Great Britian Website features the same limitation as on its U.S. warranty: "The warranty does not extend to defects due to the wrong fit, normal wear and tear, exceeding the product's lifespan or damage caused by improper, incorrect or negligent use or changes to the product."  *See* https://www.on.com/en-gb/terms-and-conditions?srsltid=AfmBOoo16PWmcWNBfSJ2f3jIUauZwCgco4o4ZfRWdIIhcu1ai4wU4xdy# 8-limited-warranty.



30.     It is feasible for Defendant to adjust its Products to solve this issue:



31.     Despite this capability, Defendant has done nothing.  Worse, despite being aware, Defendant makes it difficult for its consumers to get relief:





32.     These consumers' experiences are not unique:



33.     Indeed, reviews on popular shoe sites like Zappos are fully of consumers attempting to get reimbursed for Defendant's defects with no luck:





34.    Trustpilot complaints echo those from consumers on Reddit:



**Adam Shellam**
GB • 1 review

Mar 9, 2025

**Poor Product and Customer Experience**

Very poor product and customer experience from what I considered to
be a premium brand.

Within a month the shoes started squeaking even during dry weather
walking. Every single time the shoes squeak loudly without fail. I
complained to ON customer service and was told that they've never had
complaints before and it wouldn't be covered under warranty. A quick
google search (or even looking at other reviews here) show it's a regular
problem with ON shoes, so they're simply hiding from the issue rather
than addressing it.

I've never had a problem with squeaking across any other brand of
shoes, let alone a close to £200 trainer. I will be going back to
Nike/Adidas very quickly.

35.    Although Defendant is in the best position to know when it first became aware of

the defect, Plaintiffs make the following allegations pursuant to Fed. R. Civ. P. 9(b):

> **WHO:** Defendant On Inc.
>
> **WHAT:**  Defendant's conduct was, and continues to be, fraudulent
> because it omitted that its Products contain this material defect that
> consumers, had they known before purchasing it, would not have
> purchased the Products or would not have paid as much for them as
> they did but for these material omissions.  Regardless, Defendant
> continued to sell the Product in its defective state, responding by
> carving out this defect from its warranty and refusing to make
> consumers whole.  Through the numerous attempts by consumers to
> return their Product, and the complaints consumers lodged with
> Defendant in those attempts, Defendant was aware of the defect but
> took no action to remedy it or alert consumers.
>
> **WHEN:** Defendant made its material omissions the moment it put
> the Products on the market with its current CloudTec design and
> allowed consumers to purchase the Product with this material defect

without ever warning or disclosing to them the existence of this defect it knew was present.

**WHERE:** Defendant's marketing was uniform and pervasive, carried through material omissions on its labeling, marketing, and advertising online and in store.

**HOW:** Defendant represented that the Products were of a superior CloudTec technology but failed to disclose that the CloudTec contained a material defect that causes an audible squeaking with each step. Defendant sold its Product at a high price premium while failing to disclose that this material defect exists with each sale—despite knowing that this defect upset consumers.

**WHY:** Defendant made the material omissions for the express purpose of selling the Products and retaining the benefits of those transactions. This is evident by Defendant carving out any defects relating to squeaking from its warranty so that Defendant could continue to retain the monetary benefits of each sales of its defective Products.

**INJURY:** Plaintiffs and Members of the Classes paid a premium, or otherwise paid more for the Product with the defect than they would have, absent Defendant's material omissions.

## CLASS ALLEGATIONS

36.    Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this matter on behalf of themselves and all others similarly situated in the following Classes (collectively the "Classes"):

37.    Plaintiff Ramirez seeks to represent a class defined as:

All natural persons in the State of California who purchased Defendant's Products with CloudTec technology during the class period (the "**California Class**").

38.    Plaintiff Bologna seeks to represent a class defined as:

All natural persons in the State of New York who purchased Defendant's Products with CloudTec technology during the class period (the "**New York Class**").

39.    Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendant, Defendant's subsidiaries, parents,

successors, predecessors, and any entity in which Defendant or its parent have a controlling interest and its current or former employees, officers, and directors; and (3) Plaintiffs' counsel and Defendant's counsel.

40.    **Numerosity.**  Class Members are so numerous that joinder of all Members is impracticable.  Plaintiffs believe that there are thousands of people who purchased the Products and substantially similar versions of the Products who have been injured by Defendant's material omissions.  While the exact number of Members of the Classes is unknown to Plaintiffs at this time, such information can be ascertained through appropriate discovery from records maintained by Defendant and its agents.

41.    **Commonality and Predominance.**  The questions of law and fact common to the Classes, which predominate over any questions that may affect individual class Members include, but are not limited to:

(a)    Whether Defendant's shoes cause a squeaking with each step;

(b)    Whether Defendant was aware of this defect;

(c)    Whether Defendant had a duty to disclose this defect;

(d)    Whether the squeaking is a material defect;

(e)    Whether Defendant's conduct violated the statutes referenced herein;

(f)    Whether Plaintiffs are entitled to damages.

42.    **Typicality.**  The claims of the named Plaintiffs are typical of the claims of the Members of the Classes because the named Plaintiffs, like other Members of the Classes, purchased the shoes relying on the omissions made by Defendant on its website and on its Product's packaging, that they could be worn and used as shoes without this material defect rending them usable due this embarrassing and annoying defect.

43.    **Adequate Representation.**    Plaintiffs have retained, and are represented by, qualified and competent counsel who are highly experienced in complex consumer class action litigation.  Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this class action.  Neither Plaintiffs, nor Plaintiffs' counsel, have any interest adverse to, or in conflict with, the interests of the absent Members of the Classes.  Plaintiffs are able to fairly and adequately represent the interests of the Classes.  Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by Members of the Classes and will vigorously pursue those claims.  If necessary, Plaintiffs may seek leave of this Court to amend this complaint to include additional Class Representatives to represent the Classes or additional claims as may be appropriate.

44.    **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Members of the Classes is impracticable.  Even if every Member of the Classes could afford to pursue individual litigation, the Court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system, resulting in multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Member of the Classes.  Plaintiffs anticipate no difficulty in the management of this action as a class action.  Class-wide relief is essential to compel compliance with the consumer protection laws asserted herein.

## CAUSES OF ACTION

## COUNT I

**Violation Of California's Consumers Legal Remedies Act,**

**Cal. Civ. Code §§ 1750, *et seq.***

**(On behalf Of Plaintiff Ramirez and The California Class)**

45.     Plaintiff Ramirez incorporates the foregoing allegations as if fully set forth herein.

46.     Plaintiff Ramirez brings this claim individually and on behalf of the California Class.

47.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods … have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have."

48.     Cal. Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that they goods are of a particular style or model, if they are of another."

49.     Civil Code § 1770(a)(9) prohibits "advertising goods … with intent not to sell them as advertised."

50.     Defendant violated Civil Code §§ 1770(a)(5), (a)(7), and (a)(9) by holding out that its Products are high quality athletics shoes despite knowing and failing to disclose a critical defect in its CloudTec design that causes an annoying and embarrassing squeak.  Accordingly, Defendant sold to, and charged, consumers a high price of shoes that were worth less than they would have purchased them for despite being aware of consumers' experiences with this material defect.

51.     Defendant failed to ever warn or inform consumers about this critical defect that impacts their value but continued to sell them as is, knowing consumers were having this issue. Indeed, Defendant even carved out of its warranty any replacement of squeaking, rendering it difficult—if not impossible—for consumers to be made whole for Defendant's defective Product.

52.     As a result, Plaintiff Ramirez and the California Class suffered harm from the violations of the CLRA because they incurred, were charged, and/or paid monies for the Product that they otherwise would not have incurred or paid had they known the Product contained a defect rendering them disruptive and embarrassing to wear.

53.     On February 15, 2025, prior to the filing of this complaint, Defendant received Plaintiffs' demand letter via USPS. The letter advised Defendant that it was in violation of the CLRA with respect to the defect and demanded that it cease and desists from continuing its violative conduct and make full restitution by refunding the monies received therefrom. The letter stated that it was sent on behalf all similarly situated purchasers.

54.     Defendant failed to remedy the issues raised by the notice letter.

55.     Pursuant to Cal. Civ. Code § 1780, Plaintiff and the California Class seek: (a) actual damages in an amount to be determined at trial; (b) an order enjoining Defendant from continuing its violative acts and practices; (c) punitive damages; (d) any other relief that the Court deems proper; and (e) attorneys' costs and fees.

<u>COUNT II</u>

**Violation Of California's Unfair Competition Law,**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(On behalf Of Plaintiff Ramirez and The California Class)**

56.     Plaintiff Ramirez incorporates the foregoing allegations as if fully set forth herein.

57.     Plaintiff Ramirez brings this claim individually and on behalf of the California Class against Defendant.

58.     California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act of practice."  By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210 by engaging in unlawful, unfair, and fraudulent conduct.

59.     Defendant violated the UCL's proscription against engaging in **<u>Unlawful Business Practices</u>** by violating the CLRA, Cal. Civ. Code §§ 1770(a)(5), (a)(7), and (a)(9).

60.     Plaintiff and California Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices.

61.     Defendant also violated the UCL's prohibition against engaging in **<u>Unfair Business Practices</u>**.  Defendant's acts, omissions, and non-disclosures as alleged herein also constituted "unfair" business acts and practices within the meaning of Bus. & Prof. Code § 17200, *et. seq*., as the conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Specifically, Defendant continued to market and sell its high-priced athletic shoes with a defect that it knew existed but failed to remedy the issue. At the same time, Defendant refused to make injured consumers whole by exempting this defect

from its warranty and continued to sell the Product without any warning.  Defendant could have warned consumer, fixed the design, and/or offered to fix the shoes or give consumers their money back but did none of those things.

62.     As explained, there were reasonably available alternatives to further Defendant's legitimate business interest other than the conduct described above.  There are no legitimate business purposes served by Defendant's conduct, which caused Plaintiff and the California Class economic injury.

63.     Defendants have further violated the UCL's proscription against engaging in **Fraudulent Business Practices**.  Defendants' claims, nondisclosures, and misleading statements with respect to the Product, as more fully set forth above, were false, misleading, and/or likely to deceive the consuming public within the meaning of Bus. & Prof. Code § 17200.

64.     Plaintiff and the California Class suffered a substantial injury by virtue of buying the Product that they would not have purchased absent Defendant's unlawful and unfair marketing and omission about their Products' defect.

65.     There is no benefit to consumers or competition from deceptively marketing and omitting material facts about the true nature of the Product.

66.     Plaintiff and the California Class had no way of reasonably knowing that the Product they purchased was defective.  Thus, they could not have reasonably avoided the injury each of them suffered.

67.     The gravity of the consequences of Defendant's conduct as described outweigh any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace.  Such conduct is immoral, unethical, unscrupulous,

offends established public policy, or is substantially injurious to Plaintiff and the other members of the California Class.

68.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the California Class seek an order of this Court that includes, but is not limited to, requiring Defendant to (a) provide restitution to Plaintiff and other California Class Members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff's attorneys' fees and costs.

## COUNT III

### Violation Of New York Gen. Bus. Law § 349

### (On Behalf Of Plaintiff Bologna and The New York Class)

69.     Plaintiff Bologna incorporates the foregoing allegations as if fully set forth herein.

70.     Plaintiff Bologna brings this claim individually and on behalf of the New York Class.

71.     Defendant markets the Products' CloudTec benefits while failing to disclose the material defect in the CloudTec design.

72.     GBL § 349 prohibits "[d]ecptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of nay service."

73.     Defendant's actions and corresponding omissions occurred in the conduct of business, trade, or commerce.

74.     As a direct and proximate result of Defendant's violation of § 349, Plaintiff Bologna and Members of the New York Class suffered damages in an amount to be determined at trial.

75.     Defendant's acts and omissions mislead consumers in a material way by continuing to promote the benefits of the CloudTec outsoles while failing to disclose this

material defect.  Accordingly, a reasonable consumer would be misleading by Defendant's deceptive acts and practices.  Plaintiff Bologna and the Members of the New York Class would not have paid as much for the Products as they did, or would not have purchased the Products at all, but for Defendant's material omissions.

76.    Defendant's improper consumer-oriented conduct is misleading consumers in a material way in that, *inter alia*, it induced Plaintiff Bologna and the New York Class Members to purchase the shoes and to pay the requested price for the Products when they otherwise would not have or would not have been willing to pay as much.

77.    By reason of the foregoing, Plaintiff Bologna and the New York Class Members are entitled to (1) actual damages and/or statutory damages; (2) punitive damages; and (3) reasonable attorneys' fees, pursuant to GBL § 349(h).

<u>**COUNT IV**</u>

**Violation Of New York Gen. Bus. Law § 350**

**(On Behalf Of Plaintiff Bologna And The New York Class)**

78.    Plaintiff Bologna incorporates the foregoing allegations as if fully set forth herein.

79.    Plaintiff Bologna brings this claim individually and on behalf of the New York Class against Defendant.

80.    The acts and omissions of Defendant, as described above, constitute unlawful, deceptive, and fraudulent business acts and practices.

81.    GBL § 350 provides: "False advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state is hereby declared unlawful."

82.    GBL § 350-a defines "false advertising," in relevant part, as "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect."

83.    Plaintiff Bologna and the New York Class Members are consumers who purchased Defendant's shoes in New York.

84.    As a seller of goods to the consuming public, Defendant is engaged in the conduct of business, trade, or commerce within the intended ambit of § 350.

85.    Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way, which constitutes false advertising in violation of § 350 by failing to disclose that the Products contain a material defect.

86.    As manufacturer and seller of the Products, and operator of the customer service helpline, Defendant possessed the knowledge that the Products contain the material defect.

87.    To the extent to which Defendant's advertising has failed to reveal material facts with respect to their Products, as described above, constituted false advertising in violation of GBL § 350.

88.    Defendant's actions led to direct, foreseeable, and proximate injury to Plaintiff Bologna and the members of the New York Class.

89.    As a consequence of Defendant's deceptive marketing scheme, Plaintiff Bologna and the other members of the New York Class suffered an ascertainable loss, insofar as they would not have purchased the Products or would have paid less for them than they did but for Defendant's material omissions.  Thus, Plaintiff Bologna and New York Class Members were injured in the amount of the price premium they paid for the Products as a result of Defendant's omissions.

90.    By reason of the foregoing, Plaintiff Bologna and the New York Class Members are entitled to (1) actual damages and/or statutory damages; (2) punitive damages; and (3) reasonable attorneys' fees, pursuant to GBL § 350-e(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request, individually and on behalf of the Classes

of all similarly situated they each seek to represent, that the Court enter judgment in favor of

Plaintiffs and against Defendant as follows:

      (a)    For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as the representatives of their respective Classes and naming Plaintiffs' Counsel as Class Counsel;

      (b)    For an order declaring that Defendant's conduct violates the causes of action referenced herein;

      (c)    For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

      (d)    For compensatory, statutory, and punitive damages in the amounts to be determined by the Court and/or jury;

      (e)    For prejudgment interest on all amounts awarded;

      (f)    For an order of restitution and all other forms of equitable monetary relief;

      (g)    For injunctive relief as pleaded or as the Court may deem proper; and

      (h)    For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees and expenses of suit.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all claims so triable.


Dated: October 9, 2025.          Respectfully submitted,

          **MARKOWITZ HERBOLD PC**

          By: */s/ Stanton R. Gallegos*
          Stanton R. Gallegos, OSB #160091
          stantongallegos@markowitzherbold.com
          1455 SW Broadway, Suite 1900
          Portland, OR 97201
          Telephone: (503) 295-3085

**BURSOR & FISHER, P.A.**
L. Timothy Fisher*
ltfisher@bursor.com
Joshua B. Glatt*
jglatt@bursor.com
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455

**BURSOR & FISHER, P.A.**
Max S. Roberts*
mroberts@bursor.com
Caroline C. Donovan*
cdonovan@bursor.com
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7408

*Attorneys for Plaintiffs*

*\*Pro Hac Vice Application Forthcoming*

2365414.2