CAROLINE BRINSTER (OSB No. 191449)
DENTONS BINGHAM GREENEBAUM LLP
212 West Sixth Street
Jasper, IN  47546
Telephone:    812-482-5500
caroline.brinster@dentons.com

BETY JAVIDZAD (Admitted *Pro Hac Vice*)
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone:    213 623 9300
bety.javidzad@dentons.com

NORMAN M. ASPIS (Admitted *Pro Hac Vice*)
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, CA 92121
Telephone:    619-235-1414
norman.aspis@dentons.com

*Attorneys for Defendant*
*ON INC.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| **LOUIS BOLOGNA AND PATRICIA RAMIREZ,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**ON INC.,**<br><br>Defendant. | Case No. 3:25-CV-01852-IM<br><br>**DEFENDANT ON INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**<br><br>**REQUEST FOR ORAL ARGUMENT** |

## TABLE OF CONTENTS

I.      INTRODUCTION ..............................................................................................10

II.     LEGAL STANDARDS .....................................................................................13

        A.      MOTION TO DISMISS .....................................................................13

        B.      MOTION TO STRIKE .......................................................................13

        C.      FRAUD-BASED CLAIMS .................................................................14

III.    ARGUMENT.....................................................................................................15

        A.      PLAINTIFFS FAIL TO STATE ANY CLAIM UNDER THE CLRA,
                UCL, OR GBL...................................................................................15

        B.      PLAINTIFFS' CLRA AND UCL CLAIMS FAIL BECAUSE THEY
                IDENTIFY NO ACTIONABLE MISREPRESENTATION OR
                OMISSION. .......................................................................................15

                1.      Plaintiffs Allege No False or Misleading Statement. ......15

                2.      Plaintiffs Fail to Establish a Duty to Disclose. ...............18

                3.      The "Squeak" Is Not a Material or Actionable Defect. ...20

                4.      Plaintiffs Fail to Plead Reliance and Causation...............21

                5.      Plaintiffs Fail to Allege a Cognizable Injury or Loss. ......23

                6.      The Complaint Fails to Satisfy Rule 9(b)'s Heightened
                        Pleading Requirements ....................................................23

        C.      PLAINTIFFS' UCL "UNLAWFUL," "UNFAIR," AND
                "FRAUDULENT" PRONGS EACH FAIL INDEPENDENTLY.............24

                1.      "Unlawful" Prong — No Predicate Violation. ................24

                2.      "Unfair" Prong — No Substantial Injury or Policy
                        Violation. ........................................................................24

                3.      "Fraudulent" Prong — Not Likely to Deceive Reasonable
                        Consumers. ......................................................................25

        D.      THE NEW YORK GBL §§ 349–350 CLAIMS FAIL FOR THE SAME
                REASONS. .........................................................................................26

                1.      Plaintiffs Allege No Consumer-Oriented or Materially
                        Misleading Conduct.........................................................26

                2.      Plaintiffs Fail to Allege Any Material Omission Giving
                        Rise to a Duty to Disclose................................................28

3.      Plaintiffs Fail to Allege Any Injury. ................................30

E.      THE PUTATIVE CLASS ALLEGATIONS SHOULD BE STRICKEN. 31

1.      The Putative Class Is Overbroad and Should Be Stricken
        Because It Sweeps in Vast Numbers of Uninjured
        Purchasers. ......................................................................31

2.      The Putative Class Impermissibly Includes Repeat
        Customers and Those Who Were Otherwise Aware of the
        Squeaking Possibility Prior to Purchase. .........................33

F.      AMENDMENT WOULD BE FUTILE. ....................................................34

IV.    CONCLUSION ........................................................................................34

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adeghe v. Procter & Gamble Co.*,
    No. 22-CV-10025 (CS), 2024 WL 22061 (S.D.N.Y. Jan. 2, 2024)..................................27, 28

*Ahern v. Apple Inc.*,
    411 F.Supp.3d 541 (N.D. Cal. 2019) ..............................................................16, 17, 18, 19, 24

*Algarin v. Maybelline, LLC*,
    300 F.R.D. 444 (S.D. Cal. 2014) ..........................................................................................33, 34

*Apodaca v. Whirlpool Corp.*,
    No. SACV 13-CV-00725, 2013 WL 6477821 (C.D. Cal. Nov. 8, 2013)...............................18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................................13

*Austin v. Albany L. Sch. of Union Univ.*,
    38 Misc. 3d 988 (Sup. Ct. 2013) ...........................................................................................27

*Bates v. Bankers Life & Cas. Co.*,
    993 F. Supp. 2d 1318 (D. Or. 2014) ......................................................................................14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................................13

*Berenblat v. Apple, Inc.*,
    No. 08-4969 JF (PVT), 2009 WL 2591366 (N.D. Cal. Aug. 21, 2009) ..........................16, 18

*Brown v. Madison Reed, Inc.*,
    No. 21-CV-01233, 2021 WL 3861457 (N.D. Cal. Aug. 30, 2021) .........................................22

*Chamberlan v. Ford Motor Co.*,
    369 F. Supp. 2d 1138 (N.D. Cal. 2005) .................................................................................20

*Chow v. Neutrogena Corp.*,
    No. 12-CV-04624, 2013 WL 5629777 (C.D. Cal. Jan. 22, 2013) ..........................................33

*Colpitts v. Blue Diamond Growers*,
    527 F. Supp. 3d 562 (S.D.N.Y. 2021)....................................................................................26

*Daugherty v. Am. Honda Motor Co., Inc.*,
    144 Cal.App.4th 824 (2006) ...............................................................................................18, 19

*Davidson v. Apple, Inc.*,
    No. 16-CV-4942, 2017 WL 3149305 (N.D. Cal. July 25, 2017)............................................16

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012) ..............................................................21, 22, 25, 33

*Deburro v. Apple, Inc.*,
    2013 WL 5917665 (W.D. Tex. Oct. 31, 2013) ........................................................16

*Doe v. Roblox Corp.*,
    602 F. Supp. 3d 1243 (N.D. Cal. 2022) ................................................................24

*Duran v. Henkel of Am., Inc.*,
    450 F. Supp. 3d 337 (S.D.N.Y. 2020)..................................................................27

*In re Facebook PPC Advert. Litig.*,
    709 F. Supp. 2d 762 (N.D. Cal. 2010) ................................................................20

*Falk v. Gen. Motors Corp.*,
    496 F. Supp. 2d 1088 (N.D. Cal. 2007) ..............................................................20

*Fero v. Excellus Health Plan, Inc.*,
    502 F. Supp. 3d 724 (W.D.N.Y. 2020) ................................................................30

*In re Ferrero Litig.*,
    794 F. Supp. 2d 1107 (S.D. Cal. 2011)................................................................21

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013)................................................................................26

*Fink v. Time Warner Cable*,
    837 F. Supp. 2d 279 (S.D.N.Y. 2011)..................................................................28

*Frenzel v. AliphCom*,
    76 F.Supp.3d 999 (N.D. Cal. 2014) ....................................................................17

*Garlough v. FCA US LLC*,
    No. 2:20-CV-01879, 2021 WL 4033177 (E.D. Cal. Sept. 3, 2021) ................................17, 18

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982)..........................................................................................31

*Glen Holly Ent., Inc. v. Tektronix Inc.*,
    343 F.3d 1000 (9th Cir. 2003) ............................................................................17

*Gold v. Lumber Liquidators, Inc.*,
    No. 14-CV-05373, 2015 WL 7888906 (N.D. Cal. Nov. 30, 2015) ........................................21

*Gray v. Toyota Motor Sales, U.S.A., Inc.*,
 554 F. App'x 608 (9th Cir. 2014) .......................................................................19

*Gray v. Toyota Motor Sales, U.S.A.*,
 No. CV 08-1690 PSG JCX, 2012 WL 313703 (C.D. Cal. Jan. 23, 2012) ........................19, 20

*Hadley v. Kellogg Sales Co.*,
 243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...............................................................24

*Harmon v. Major Chrysler Jeep Dodge, Inc.*,
 101 A.D.3d 679 (2012) ................................................................................26

*Henry v. Rehab Plus Inc.*,
 404 F. Supp. 2d 435 (E.D.N.Y. 2005) .................................................................29

*Hodsdon v. Mars, Inc.*,
 162 F. Supp. 3d 1016 (N.D. Cal. 2016) ...............................................................21

*Hodsdon v. Mars, Inc.*,
 891 F.3d 857 (9th Cir. 2018) ..........................................................14, 18, 19, 21

*Kacocha v. Nestle Purina Petcare Co.*,
 No. 15-CV-5489 (KMK), 2016 WL 4367991 (S.D.N.Y. Aug. 12, 2016) ...........................27

*Kay v. Wells Fargo & Co. N.A.*,
 No. 07-01351, 2007 WL 2141292 (N.D. Cal. July 24, 2007) .................................14

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) .......................................................14, 15, 16, 22, 24

*Keen v. Coral Reef Prods., Inc.*,
 No. 14-CV-00814, 2015 WL 12910696 (C.D. Cal. 2015) ......................................31

*Klaehn v. Cali Bamboo, LLC*,
 No. 19-CV-1498, 2021 WL 3044166 (S.D. Cal. June 14, 2021)...............................18, 19

*Kommer v. Ford Motor Co.*,
 No. 1:17-CV-0296, 2018 WL 3727353 (N.D.N.Y. Aug. 6, 2018)...............................29

*Korea Supply Co. v. Lockheed Martin Corp.*,
 29 Cal. 4th 1134 (2003) ..............................................................................23

*Kwikset Corp. v. Super. Ct.*,
 51 Cal. 4th 310 (2011) ................................................................................23

*LivePerson, Inc. v. [24]7.ai, Inc.*,
 No. 17-CV-01268-JST, 2018 WL 5849025 (N.D. Cal. Nov. 7, 2018)..........................20

*Lugones v. Pete & Gerry's Organic, LLC*,
    440 F. Supp. 3d 226 (S.D.N.Y. 2020) .......................................................................27

*Martell v. Gen. Motors LLC*,
    492 F. Supp. 3d 1131 (D. Or. 2020) ..........................................................................13

*Messner v. Northshore Univ. HealthSystem*,
    669 F3d 802 (7th Cir. 2012) .......................................................................................31

*Miller v. Kaminer*,
    62 Misc. 3d 397 (N.Y. Civ. Ct. 2018) .......................................................................26

*Moore v. Mars Petcare US, Inc.*,
    966 F.3d 1007 (9th Cir. 2020) ...................................................................................15

*In re NJOY, Inc. Consumer Class Action Litig.*,
    No. 14-CV-00428, 2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ...........................18, 19, 22

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
    85 N.Y.2d 20 (1995) ..................................................................................................26

*Oushana v. Lowe's Home Ctrs., LLC*,
    No. 1:16-cv-01782-AWI-SAB, 2017 WL 2417198 (E.D. Cal. June 5, 2017) ..........34

*Pearson v. Philip Morris, Inc.*,
    358 Or. 88 (2015) .......................................................................................................31

*Pellerin v. Honeywell Int'l, Inc.*,
    877 F. Supp. 2d 983 (S.D. Cal. 2012) .......................................................................24

*Poston v. Gen. Motors, LLC*,
    No. 24-CV-0082-BAS-JLB, 2024 WL 3558377 (S.D. Cal. July 22, 2024) .............24

*Rasmussen v. Apple Inc.*,
    27 F.Supp.3d 1027 (N.D. Cal. 2014) .........................................................................17, 31

*Route v. Mead Johnson Nutrition Co.*,
    No. 12-CV-7350, 2013 WL 658251 (C.D. Cal. Feb. 21, 2013) ...............................31

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. Jan. 21, 2009) .........................................................14, 31

*In re SanDisk SSDs Litig.*,
    736 F.Supp.3d 786 (N.D. Cal. 2024) .........................................................................17

*Segovia v. Vitamin Shoppe, Inc.*,
    No. 14-CV-7061 (NSR), 2016 WL 8650462 (S.D.N.Y. Feb. 5, 2016) ....................27

*Serbalik v. Gen. Motors Corp.*,
　246 A.D.2d 724 (1998) ...................................................................................27

*Spacone v. Sanford, L.P.*,
　No. 2:17-CV-02419-AB-MRW, 2018 WL 4139057 (C.D. Cal. Aug. 9, 2018) ...............21, 34

*Starr v. Baca*,
　652 F.3d 1202 (9th. Cir. 2011) .......................................................................13

*Stokes v. CitiMortgage, Inc.*,
　No. 14-CV-00278, 2015 WL 709201 (C.D. Cal. Jan. 16, 2015) ...........................................31

*Tabletop Media, LLC v. Citizen Sys. of Am. Corp.*,
　No. 16-CV-7140, 2017 WL 10591885 (C.D. Cal. Mar. 3, 2017)...........................................17

*Taleshpour v. Apple Inc.*,
　No. 5:20-CV-03122-EJD, 2021 WL 1197494 (N.D. Cal. Mar. 30, 2021) ...........................20

*Tietsworth v. Sears, Roebuck & Co.*,
　720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...........................................................13, 31

*Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*,
　834 F. Supp. 605 (E.D.N.Y. 1993) ...................................................................29

*Tomasino v. Estee Lauder Cos. Inc.*,
　44 F. Supp. 3d 251 (E.D.N.Y. 2014) ...................................................................22

*Vess v. Ciba-Geigy Corp. USA*,
　317 F.3d 1097 (9th Cir. 2003) ...................................................................14, 23

*Vinole v. Countrywide Home Loans, Inc.*,
　571 F.3d 935 (9th Cir. 2009) .......................................................................13

*Wilson v. Frito-Lay N. Am., Inc.*,
　260 F. Supp. 3d 1202 (N.D. Cal. 2017) ...........................................................33

*Wilson v. Hewlett-Packard Co.*,
　668 F.3d 1136 (9th Cir. 2012) ...................................................................15, 19

*Woods v. Maytag Co.*,
　No. 10-CV-0559 ADS WDW, 2010 WL 4314313 (E.D.N.Y. Nov. 2, 2010) ...................29

*Workman v. Plum, Inc.*,
　141 F. Supp. 3d 1032 (N.D. Cal. 2015) ...........................................................16

*Young v. Cree, Inc.*,
　No. 17-CV-06252, 2018 WL 1710181 (N.D. Cal. Apr. 9, 2018)...........................................22

*ZixiangLi v. Kerry,*
    710 F.3d 995 (9th Cir. 2013) ...............................................................................13


**Statutes**

Cal. Civ. Code § 1770(a)(5) ....................................................................................24

Cal. Civ. Code § 1770(a)(7) ....................................................................................24

Cal. Civ. Code § 1770(a)(9) ....................................................................................24

Fed. R. Civ. P. Rule 9(b) ....................................................................14, 15, 22, 23, 24

Fed. R. Civ. P. Rule 12(b)(6) .............................................................................10, 13

Fed. R. Civ. P. Rule 12(f) ............................................................................10, 13, 31

Fed. R. Civ. P. Rule 23 ............................................................................................10

Fed. R. Civ. P. Rule 23(b)(3) ...................................................................................14

Fed. R. Civ. P. Rule 23(c)(1)(A) ..............................................................................13

Fed. R. Civ. P. Rule 23(d)(1)(D) ..............................................................................13


**Other Authorities**

California Consumers Legal Remedies Act (CLRA) .10, 12, 15, 16, 17, 18, 20, 21, 22, 23, 24, 30, 33, 34

California Unfair Competition Law (UCL) .....10, 12, 15, 16, 17, 18, 20, 21, 23, 24, 25, 30, 33, 34

New York General Business Law (GBL) ..........................10,12, 15, 22, 24, 26, 27, 28, 29, 30, 33

## LOCAL RULE 7.1 CERTIFICATION

Counsel for Defendant On Inc. ("On") certifies that they have conferred with counsel for Plaintiffs Louis Bologna and Patricia Ramirez ("Plaintiffs") (collectively, the "Parties") regarding this Motion via videoconference on November 24, 2025.  The Parties were unable to resolve the disputes that are the subject of this Motion, and On understands that Plaintiffs intend to oppose this Motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), On moves the Court to enter an order dismissing Plaintiffs' Complaint in its entirety and with prejudice, for failure to state a claim upon which relief can be granted.  In the alternative, On moves the Court under FRCP 12(f) and 23 to enter an order striking the class allegations from the Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This lawsuit seeks to convert minor consumer dissatisfaction into a sweeping class action. Plaintiffs' theory rests on the contention that certain models of On shoes with CloudTec technology occasionally "squeak" during wear, and that On somehow intentionally deceived purchasers by failing to disclose that possibility.  From that trivial premise, Plaintiffs attempt to construct class-wide claims under the California Consumers Legal Remedies Act ("CLRA"), the California Unfair Competition Law ("UCL"), and the New York General Business Law ("GBL"). Yet the allegations fall far short of the rigorous pleading standards governing consumer-fraud claims.  At its core, the Complaint alleges no safety defect, no functional failure, and no objectively measurable loss of performance.  The shoes function precisely as advertised—they provide cushioning, support, and comfort for running and/or daily wear, as applicable.

Instead, Plaintiffs complain that some pairs of shoes produce an audible "squeak," which, even if accepted as true, is inherently subjective, intermittent, and cosmetic.  Indeed, ***all*** footwear, regardless of brand, design, or materials, may produce noise under certain environmental or user-specific conditions, including moisture, surface type, gait, foot width, weight, wear pattern, and temperature.  For example, high-heels "click" on hard surfaces, boots "squelch" after exposure to water or mud, flip-flops audibly "slap" when walking poolside, and even professional athletes' footwear can be heard squeaking on basketball courts.  These commonplace sounds reflect normal interaction between footwear and the environment; not a product defect, misrepresentation, or breach of warranty.  This is illustrated by Plaintiff Bologna's own allegation that he did not notice a squeaking noise until "[a]fter approximately three months of using his shoes," in the course of ordinary wear.  Compl., ¶ 7.  As set forth herein, federal and state courts have repeatedly rejected attempts to transform aesthetic dissatisfaction or product noise into actionable deception.

The pleading defects here are manifold.  Plaintiffs do not identify any affirmative representation that was false.  Nor do Plaintiffs allege that the squeaking noise is contrary to any representation made by On.  Generic marketing statements such as On's references to "comfort," "innovation," "cushioning," or "support" are classic puffery that no reasonable consumer could rely on as a factual guarantee of silence.  Nor do Plaintiffs plausibly allege that On had any duty to disclose the possibility of squeaking.  Under well-settled California and New York law, a manufacturer has no obligation to disclose every conceivable imperfection or idiosyncrasy of a product; the duty arises only where the omitted fact pertains to safety, or is contrary to an express representation.  The alleged squeak does not implicate safety, durability, or fitness for purpose; it is, at most, an inherent and non-actionable characteristic of footwear.

Equally fatal, Plaintiffs fail to allege reliance or causation, which are essential elements of both CLRA and UCL claims. The Complaint never states that either named plaintiff viewed any On advertising or made a purchase decision based on a representation now alleged to be misleading or false. Plaintiffs also do not allege that On ever represented, expressly or impliedly, that its running shoes would never produce sound in use. Nor could such a representation reasonably be inferred. No reasonable consumer expects footwear to remain silent under all conditions; to the contrary, all shoes have the potential to produce noise depending on a variety of conditions. Absent such allegations, the Complaint offers nothing more than post-purchase dissatisfaction, which cannot confer standing or establish injury-in-fact. Plaintiffs' conclusory assertion that they "would not have purchased" or "would have paid less" is precisely the kind of speculative hindsight courts routinely dismiss.

Plaintiffs also fail to plead any cognizable injury. The law is clear that emotional displeasure or fleeting embarrassment does not constitute "lost money or property" sufficient to establish a claim under the CLRA, UCL, or GBL. Both Plaintiffs continued to possess and use the shoes, confirming they received the benefit of their bargain. A supposed "price premium" theory cannot rescue the claim without factual allegations establishing a concrete differential between the price paid and actual market value, which showing is wholly absent here.

In short, the Complaint is not a case about deception or fraud—it is about opportunism. Plaintiffs seek to recast naturally occurring noise into class-wide litigation, despite the absence of any factual or legal foundation. The law does not impose liability for a squeak, nor does it require a manufacturer to warn of every idiosyncratic noise a product might make, which, in the case of shoes, is common under certain environmental or user-specific conditions. Because Plaintiffs fail to and cannot allege a material misrepresentation, a duty to disclose, or a

cognizable injury under either California or New York law, their claims should be dismissed in their entirety with prejudice.

## II.    LEGAL STANDARDS

### A.    <u>Motion to Dismiss</u>

Under Rule12(b)(6), a party may bring a motion to dismiss where the allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *ZixiangLi v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (internal citation omitted).  A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1137 (D. Or. 2020), citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th. Cir. 2011)."  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Dismissal is proper where the complaint either lacks a "cognizable legal theory to support the claim" or fails to allege sufficient facts to support a claim for relief.  *Id.*

### B.    <u>Motion to Strike</u>

"Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."  *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009) ("A defendant may move to deny class certification before a plaintiff files a motion to

certify a class."); *Kay v. Wells Fargo & Co. N.A.*, No. 07-01351, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007) ("Class allegations can . . . be stricken at the pleading stage."); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. Jan. 21, 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").  Further, under Rule 23(b)(3), the Court should strike class allegations where it is apparent that individual issues will predominate or "it is not clear that a nationwide class action is the 'superior' method of adjudication of rights." *Sanders*, 672 F. Supp. 2d at 991; *see also Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1342-43 (D. Or. 2014), aff'd, 716 F. App'x 729 (9th Cir. 2018) (granting a motion to strike because individual issues predominate over common issues, and class treatment does not appear to be superior to other alternative ways of resolving all putative class members' claims).

### C.    Fraud-Based Claims

To state a claim sounding in fraud, a plaintiff must satisfy the heightened pleading requirements of FRCP 9(b).  Rule 9(b) requires plaintiffs to state with particularity "the circumstances constituting fraud," meaning they must allege the "who, what, when, where, and how" of the purported misconduct.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Conclusory allegations and general assertions of fraudulent conduct are insufficient as a matter of law; the complaint must set forth specific facts explaining why the challenged statement or omission is false or misleading.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-26 (9th Cir. 2009).  Claims based on omissions must also satisfy Rule 9(b).  To plead an actionable omission, plaintiffs must allege facts showing (1) the defendant had a duty to disclose the omitted information, (2) the omission was material, (3) the defendant knew of the omitted fact at the time of the transaction, and (4) that plaintiffs relied on the omission to their detriment.  *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 863-65 (9th Cir. 2018).  A duty to disclose arises only in

narrow circumstances, typically where the omitted fact relates to a product's safety or central functionality, or where the defendant makes partial representations that are rendered misleading by the omission. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141-42 (9th Cir. 2012).

## III.    ARGUMENT

### A.    <u>Plaintiffs Fail to State Any Claim Under the CLRA, UCL, or GBL.</u>

Plaintiffs' Complaint fails for the most basic reason:  it identifies no actionable misrepresentation, no duty to disclose, and no concrete injury.  The law requires more than mere subjective dissatisfaction with a product's non-performance characteristics.  Plaintiffs' theories rely on speculative "omission" liability and anecdotal references to a handful of mostly anonymous online comments, but those allegations do not establish deception, materiality, or reliance as a matter of law.

### B.    <u>Plaintiffs' CLRA and UCL Claims Fail Because They Identify No Actionable Misrepresentation or Omission.</u>

#### 1.    <u>Plaintiffs Allege No False or Misleading Statement.</u>

To state a claim under the CLRA or the UCL, Plaintiffs must allege a specific misrepresentation that is both false and likely to deceive a reasonable consumer.  *See Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020).  Moreover, the heightened pleading requirements of Rule 9(b) apply to CLRA and UCL fraud-based theories, requiring Plaintiffs to identify the "who, what, when, where, and how" of the challenged statement.  *Kearns*, 567 F.3d at 1124-25.  The Complaint fails to meet these standards.

First, the Complaint does not identify a single advertisement, webpage, label, or representation that is allegedly untrue or false.  Indeed, the only alleged statements of fact at issue are that On's shoes offer "comfort," "cushion," and "support."  *See* Compl., ¶ 14.  But Plaintiffs do not contend that any of those representations are false or misleading, i.e., that the

shoes are not comfortable, that they are not capable of supporting athletic performance, or that

they do not otherwise provide cushioning. Instead, Plaintiffs rely only on vague assertions that

they relied on "representations and omissions" about On's shoes, without identifying which

specific alleged representations and omissions were actually relied upon. Compl., ¶¶ 6-7. But

"[m]ere conclusory allegations that representations were false" are insufficient. *Kearns*, 567

F.3d at 1124-25. A plaintiff cannot state a fraud claim by simply pointing to statements in the

packaging or advertising and asserting they are misleading. *See Workman v. Plum, Inc.*, 141 F.

Supp. 3d 1032, 1035 (N.D. Cal. 2015).

Courts in the Ninth Circuit routinely dismiss UCL and CLRA claims where, as here, the

complaint fails to identify with specificity any representation that was actually false. *Berenblat*

*v. Apple, Inc.*, No. 08-4969 JF (PVT), 2009 WL 2591366, at *6 (N.D. Cal. Aug. 21, 2009)

("Similar claims under the CLRA have been rejected because otherwise the statement describing

any feature would be actionable when either the feature—or product as a whole—eventually

failed."). *Ahern v. Apple Inc.*, 411 F.Supp.3d 541, 559 (N.D. Cal. 2019) ("Courts have dismissed

misrepresentation claims when a plaintiff fails to plead how an alleged misrepresentation is false

or misleading."); s*ee also id.* ("It is not false to represent the MacBook has USB ports when it in

fact has them, even if those ports may cease to function") (quoting *Deburro v. Apple, Inc.*, 2013

WL 5917665, at *4 (W.D. Tex. Oct. 31, 2013)); *Davidson v. Apple, Inc.*, No. 16-CV-4942, 2017

WL 3149305, at *11-12 (N.D. Cal. July 25, 2017) (statement that iPhones are made of aluminum

and titanium insert not false, even if those inserts may fail). None of On's representations

detailed in the Complaint are false simply because Plaintiffs allege the shoes make or might

someday begin to make squeaking sounds. Moreover, Plaintiffs do not plausibly allege, nor can

they plausibly allege, that a squeaking sound impairs core functionality or performance, or that it

represents a safety concern.

      Second, even if the Court were to find that Plaintiffs had identified specific representations, under a theory of affirmative misrepresentation, "not all statements are actionable as a matter of law." *Ahern*, 411 F.Supp.3d at 554-55 (N.D. Cal. 2019). "A challenged claim is non-actionable 'puffery' if it is a generalized, vague, and unspecified assertion . . . upon which a reasonable consumer could not rely." *Rasmussen v. Apple Inc.*, 27 F.Supp.3d 1027, 1039 (N.D. Cal. 2014) (cleaned up); *see also Glen Holly Ent., Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003) (statements that constitute puffery cannot be the basis for a fraud claim); *Frenzel v. AliphCom*, 76 F.Supp.3d 999, 1010-12 (N.D. Cal. 2014) (statements that amount to puffery are not actionable under the CLRA and UCL). "Whether a statement is puffery or a representation of fact is a question of law that can be properly decided on a motion to dismiss." *Ahern*, 411 F.Supp.3d at 555; *see also In re SanDisk SSDs Litig.*, 736 F.Supp.3d 786, 793 (N.D. Cal. 2024) ("durable," "high performance," "superfast," "perfect," "reliable" are all puffery that could not support a claim for breach of express warranty); *see Garlough v. FCA US LLC*, No. 2:20-CV-01879, 2021 WL 4033177, at *4 (E.D. Cal. Sept. 3, 2021) (finding claim that hood scoop was the "largest functional 'Air Grabber' cold air intake hood" non-actionable puffery, despite plaintiff's contention that statement was false because the hood scoop expanded, contracted, warped, vibrated, and rendered the hood non-functional); *Tabletop Media, LLC v. Citizen Sys. of Am. Corp.*, No. 16-CV-7140, 2017 WL 10591885, at *7 (C.D. Cal. Mar. 3, 2017) ("[I]t is impossible for the fact finder to verify if the printer is 'robust' without additionally identifying some objective measure by which to assess the printer's robustness."). The statements relied upon by Plaintiffs, if any (none are alleged in the complaint), are non-actionable as a matter of law.

Third, and critically, Plaintiffs do not allege that On ever represented that its shoes were silent or would never produce sound. Nor do they allege that any On marketing materials addressed, mentioned, or referenced squeaking in any manner. Courts routinely dismiss CLRA and UCL claims where the complaint challenges a "defect" that was never addressed in the advertising at issue. *Berenblat*, 2009 WL 2591366, at *5 (no liability for failing to disclose "defect" not mentioned in advertising).

### 2.    Plaintiffs Fail to Establish a Duty to Disclose.

To be actionable, an alleged omission "must be contrary to a representation actually made by the defendant, or *an omission of a fact the defendant was obliged to disclose*." *Hodsdon*, 891 F.3d at 861 (emphasis in original) (quoting *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 835 (2006)). "Alleged omissions are actionable if they are likely to deceive reasonable consumers, but generic sales talk . . . is not actionable even if a consumer subjectively believes it means something more specific. In other words, puffery is not likely to deceive a reasonable consumer and cannot undergird a claim based on a material omission." *Ahern*, 411 F.Supp.3d at 562 (cleaned up); *Apodaca v. Whirlpool Corp.*, No. SACV 13-CV-00725, 2013 WL 6477821, at *8 (C.D. Cal. Nov. 8, 2013) (finding "partial representations" referring to reliability and durability are "too general for Defendant to incur a duty to disclose").

Under California law, "a defendant only has a duty to disclose material defects that impair the product's central function or that implicates the consumer's safety." *Ahern*, 411 F.Supp.3d at 567 (citing *Hodsdon*, 891 F.3d at 864). "The central functionality of the product is not based on subjective preferences about a product, but rather is based on a physical defect that ***renders those products incapable of use by <u>any</u> consumer***." *Klaehn v. Cali Bamboo, LLC*, No. 19-CV-1498, 2021 WL 3044166, at *9–10 (S.D. Cal. June 14, 2021), aff'd, No. 21-55738, 2022 WL 1830685 (9th Cir. June 3, 2022) (cleaned up) (emphasis added); *Garlough*, 2021 WL

4033177, at *5 ("A defect affects the central function of a product when it renders the product **incapable of use by <u>any consumer</u>**." (quoting *Hodsdon*, 891 F.3d at 864) (emphasis added)).  In *Ahern*, the court found that Apple had no duty to disclose the alleged Filter Defect that caused dark smudges in the corner of Apple's computer screen because it did not "obliterate the function of a computer as a computer" or implicate consumer safety.  411 F.Supp.3d at 568; *see Klaehn*, 2021 WL 3044166, at *10-11 (finding no duty to disclose that wood flooring was subject to premature cracking, buckling, or gapping because those features did not relate to "the central functionality of the Product or an unreasonable safety risk").

Courts further recognize a duty to disclose only where the manufacturer has exclusive knowledge of a material fact and actively conceals it.  *See Daugherty*, 144 Cal. App. 4th 824 (2006); *Wilson*, 668 F.3d 1136 (9th Cir. 2012); *Gray v. Toyota Motor Sales, U.S.A.*, No. CV 08-1690 PSG JCX, 2012 WL 313703, at *9 (C.D. Cal. Jan. 23, 2012) aff'd sub nom. *Gray v. Toyota Motor Sales, U.S.A., Inc.*, 554 F. App'x 608 (9th Cir. 2014) ("Toyota's knowledge of its real world fuel performance ceased to be 'exclusive.'  While the law may not proscribe such a literal test for exclusivity, the Court nonetheless finds absurd the idea that Toyota could have retained exclusive, or even superior knowledge of the Prius's real-world fuel performance over a three-year Class period in which hundreds of thousands of the vehicles were driven daily under the conditions at issue.").

Plaintiffs plead none of the foregoing elements.  First, the "squeaking" noise is not contrary to any representation actually made by On.  Second, the alleged "squeak" does not implicate any safety issue, nor does it render the shoes unusable or impair their function, much less their central function.  Simply, the Complaint does not and cannot allege that the allegedly squeaky shoes are incapable to be used by the Plaintiffs.  Third, Plaintiffs allege no exclusive

knowledge by On.  The Complaint itself cites online forums and online comments discussing potential squeaking.  If that information was publicly available, On could not have "exclusive knowledge" of it.  *See Gray*, 2012 WL 313703, at *9 (C.D. Cal. Jan. 23, 2012).  Fourth, Plaintiffs do not allege active concealment; they cite no affirmative steps by On to hide any purported condition, nor could On do so given the public information cited by Plaintiffs themselves.  For all these reasons, the CLRA and UCL omission theories fail as a matter of law.

### 3.    The "Squeak" Is Not a Material or Actionable Defect.

The law is clear: an alleged misrepresentation or omission must be ***material***.  *LivePerson, Inc. v. [24]7.ai, Inc.*, No. 17-CV-01268-JST, 2018 WL 5849025, at *6 (N.D. Cal. Nov. 7, 2018) (misrepresentation); *Taleshpour v. Apple Inc.*, No. 5:20-CV-03122-EJD, 2021 WL 1197494, at *10 (N.D. Cal. Mar. 30, 2021) (omission).  To prove materiality, "Plaintiffs must be able to show that had the omitted information been disclosed, one would have been aware of it and behaved differently."  *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144–45 (N.D. Cal. 2005) (cleaned up); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) ("Materiality, for CLRA claims, is judged by the effect on a reasonable consumer." (cleaned up)).  "[R]eliance is proved by showing that the defendant's misrepresentation or nondisclosure was 'an immediate cause' of the plaintiff's injury-producing conduct."  *In re Facebook PPC Advert. Litig.*, 709 F. Supp. 2d 762, 771 (N.D. Cal. 2010) (internal citations omitted).

Even assuming the shoes may occasionally make noise, which all shoes do for a variety of reasons, that fact is not material under any objective reasonable consumer standard.[1]  The

---

[1] Recognizing Plaintiffs' theory would open the floodgates to litigation.  If a plaintiff can state a claim simply by alleging that a product did not perform exactly as they personally expected, based on a subjective and individualized reaction, then virtually any consumer product could become the basis for a lawsuit.  Plaintiffs' approach would transform ordinary product variances and personal preferences into actionable "defects," exposing manufacturers to limitless and

Complaint admits the shoes perform as intended:  Plaintiffs do not allege a single instance of

product failure, malfunction, or physical injury.  Because the alleged squeak neither affects the

shoes' functionality nor poses any risk, the omission of that possibility cannot be material as a

matter of law.

        4.    <u>Plaintiffs Fail to Plead Reliance and Causation.</u>

All of Plaintiffs' claims require a showing of reliance, causation, and damages.  *See*

*Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012) (requiring justifiable

reliance, causation, and damages for false representation, concealment, or nondisclosure claim);

*Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1021-22 (N.D. Cal. 2016), aff'd, 891 F.3d 857 (9th

Cir. 2018) (requiring actual reliance, causation, and loss of money for UCL and CLRA claims).

Further, UCL and CLRA claims require a showing of actual reliance and pecuniary loss to

establish standing.  *Hodsdon* at 1021-22; *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1111 (S.D.

Cal. 2011) (actual reliance is required for standing to sue under the UCL, FAL, or CLRA);

*Spacone v. Sanford, L.P.*, No. 2:17-CV-02419-AB-MRW, 2018 WL 4139057, at *2 (C.D. Cal.

Aug. 9, 2018) (Plaintiffs must also "establish a causal relationship or reliance on a defendant's

alleged misrepresentation to establish standing" under the UCL).

For example, in *Gold v. Lumber Liquidators, Inc.*, plaintiffs contended that they were

"not required to plead with an unrealistic degree of specificity that the plaintiff relied upon

particular advertisements or statements."  *Gold v. Lumber Liquidators, Inc.*, No. 14-CV-05373,

2015 WL 7888906, at *10 (N.D. Cal. Nov. 30, 2015).  The court explained that while this was

the correct standard for statutory standing under California law, it did not meet the heightened

---

unpredictable liability untethered to any uniform standard.  The Court should decline Plaintiffs'
invitation to rewrite consumer-protection laws in a manner that would open the litigation
floodgates and convert routine, individualized product experiences into classwide liability.

pleading standard under Rule 9(b).  *Id.*  Accordingly, the court dismissed plaintiffs' complaint

because, although plaintiffs alleged that the at-issue representations were made on websites, at

trade shows, and at retail stores, they did not identify "which advertising or sales materials each

named Plaintiff was allegedly exposed to, the time frame during which these comments

appeared, when the exposure occurred, or which statements each found material."  *Id.*; *see also*

*Kearns*, 567 F.3d at 1126 (dismissing where the plaintiff did not "specify when he was exposed

to [the advertisements] or which ones he found material"); *Brown v. Madison Reed, Inc.*, No. 21-

CV-01233, 2021 WL 3861457,  at *10 (N.D. Cal. Aug. 30, 2021) ("But without allegations

clarifying which, if any, of the statements described in the Complaint plaintiffs actually relied

upon before deciding to purchase the Madison Reed products, the heightened pleading standard

of Rule 9(b) is not met."); *see In re NJOY, Inc. Consumer Class Action Litig.*, No. 14-CV-00428,

2014 WL 12586074 at *10 (C.D. Cal. Oct. 20, 2014) ("[P]leading the 'when' of the fraud

requires that plaintiffs allege when they saw or heard the misleading  statements"); *Young v.

Cree, Inc.*, No. 17-CV-06252, 2018 WL 1710181, at *6 (N.D. Cal. Apr. 9, 2018) (dismissing

complaint in part where plaintiff failed to identify specific representations he relied upon).

 Here, Plaintiffs do not and cannot allege that they saw or relied upon any particular

advertisement or representation before purchasing their shoes.  They merely assert that On

omitted a disclosure about squeaking; a defect they learned of only after purchase and through

their own use.  Courts have consistently held that post-purchase dissatisfaction cannot establish

reliance.  *Davis*, 691 F.3d at 1163 (no reliance where plaintiffs failed to allege exposure to

deceptive statements before purchase); *Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251,

259 (E.D.N.Y. 2014) (same under GBL §§349–350).  Without plausible allegations that

Plaintiffs relied on specific deceptive statements or omissions at the point of sale, the CLRA and

UCL claims fail and must be dismissed with prejudice.

        5.      <u>Plaintiffs Fail to Allege a Cognizable Injury or Loss.</u>

To state a UCL or CLRA claim, a plaintiff must show "economic injury" — that he or she lost money or property as a result of the unfair practice. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011). The Complaint alleges no such loss. Plaintiffs do not claim their shoes were unusable, unsafe, or worthless; they simply allege that they squeaked. Plaintiffs here do not allege what portion of the shoe's price reflected a "premium" for silence or that the shoes were worth less than the amount paid. All shoes, even designer or luxury shoes, have the potential to "squeak." Their claim thus fails the UCL's injury requirement. Because restitution under the UCL is limited to money wrongfully obtained, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144–45 (2003), and Plaintiffs cannot identify any money On wrongfully retained, both the CLRA and UCL claims fail as a matter of law.

        6.      <u>The Complaint Fails to Satisfy Rule 9(b)'s Heightened Pleading Requirements</u>

Claims under the CLRA and the "fraudulent" prong of the UCL must satisfy Rule 9(b), which requires plaintiffs to allege "the who, what, when, where, and how" of the alleged misrepresentation or omission. *Vess*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs' bare assertion that On "failed to disclose" that its shoes may squeak, without identifying the date, context, or point of sale of any omission, fails Rule 9(b). The Complaint contains no specifics about what On said or failed to say in its advertisements, no identification of which alleged misrepresentations or omissions were purportedly relied upon, and no allegation that the squeak existed at the time of purchase (in fact, the Complaint alleges the opposite with respect to Mr. Bologna, who allegedly experienced a squeaking noise only after months of use). In fact, Plaintiff Bologna cannot allege that a squeak existed at the time of his purchase, because he

concedes that such noise did not arise until after three months of use.  *See* Compl., ¶ 7.  This allegation, alone, proves that any "squeak" was the result of environmental factors and highly specific and individualized user experiences, such as gait, foot width, weight, and wear pattern. Such conclusory allegations are insufficient.  *Kearns*, 567 F.3d at 1125-27 (9th Cir. 2009) (CLRA and UCL omission claims must specify misrepresentation context).  Because Plaintiffs have not pleaded the necessary detail to support a claim of fraud or misrepresentation, dismissal under Rule 9(b) is required.

### C.  Plaintiffs' UCL "Unlawful," "Unfair," and "Fraudulent" Prongs Each Fail Independently.

#### 1.  "Unlawful" Prong — No Predicate Violation.

The unlawful prong UCL cause of action is grounded in fraud, i.e., predicated solely on the alleged violation of the CLRA, Cal. Civ. Code §§ 1770(a)(5), (a)(7), and (a)(9).  *See* Compl., ¶¶ 50, 59, *see Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1098 (N.D. Cal. 2017). Because the Complaint fails to plead a violation of any statute, including the CLRA, UCL, or GBL, the "unlawful" claim necessarily fails.  *See Poston v. Gen. Motors, LLC*, No. 24-CV-0082-BAS-JLB, 2024 WL 3558377, at *7 (S.D. Cal. July 22, 2024) (citing *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 992 (S.D. Cal. 2012)) ("'A UCL claim must be dismissed if the plaintiff has not stated a claim for the predicate acts upon which he bases the claim.'").

#### 2.  "Unfair" Prong — No Substantial Injury or Policy Violation.

To the extent the unfair prong is based on allegations of fraudulent practices under the UCL, it is subject to dismissal for the same reason that the fraudulent and unlawful prong UCL cause of action is subject to dismissal.  *Doe v. Roblox Corp*., 602 F. Supp. 3d 1243, 1261 (N.D. Cal. 2022) (quoting *Ahern*, 411 F. Supp. 3d at 561 ("'[W]here the plaintiffs' unfair prong claims overlap entirely with their claims of fraud, the plaintiffs' unfair prong claim cannot survive.'")).

To the extent the unfair prong is based on allegations that On refused Plaintiffs' warranty claims, by allegedly "exempting [the squeaking] defect from its warranty," this claim also fails because neither of the Plaintiffs alleges that they made any attempt to make a warranty claim. Plaintiff Ramirez alleges that she "noticed a squeaking almost immediately" after she started using her shoe. However, she alleges no facts that she made any attempts to verify On's warranty policy, to contact On, or that she made any attempts to make a warranty claim. *See* Compl., ¶ 6. She also does not allege that she tried to return or exchange the product, and the return or exchange was not accepted. Similarly, Plaintiff Bologna alleges that after "approximately three months of using his shoes" he noticed a squeak that made them unusable solely "due to embarrassment and annoyance," as opposed to functionality or performance; however, he alleges no facts suggesting he made any attempts to contact On or to make a warranty claim. *See id.* at ¶ 7. Further, as alleged, On's express warranty policy does not make any exception for the alleged squeak defect. *See id.* at ¶ 29 ("Defendant's warranty 'does not extend to defects due to the wrong fit, [or] normal wear and tear.'"). Finally, Plaintiffs cite to an online customer post, which indicates that On has in fact provided an adequate remedy after a warranty claim was made. *See id.* at ¶ 21 ("I already got an exchange once from On").

3.    "Fraudulent" Prong — Not Likely to Deceive Reasonable Consumers.

A business practice is fraudulent under the UCL if members of the public are likely to be deceived. *Davis*, 691 at 1169. Here, no reasonable consumer would interpret On's marketing to promise absolute silence under all circumstances. Minor product noise is common and expected with all shoes, including running shoes. Because Plaintiffs allege neither a false statement nor a likelihood of deception, the "fraudulent" prong fails as well.

**D.    The New York GBL §§ 349–350 Claims Fail for the Same Reasons.**

    1.    Plaintiffs Allege No Consumer-Oriented or Materially Misleading Conduct.

To state a claim under GBL Sections 349 or 350, a plaintiff must allege (1) consumer-oriented conduct, (2) materially misleading acts or omissions, and (3) actual injury. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995). "To prevail on their consumer fraud claims under New York and California law, Plaintiffs must establish that [On's] allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). GBL Sections 349 and 350 "are both aimed at conduct that is deceptive—*i.e.*, conduct 'likely to mislead a reasonable consumer acting reasonably under the circumstances.' 'The only difference between the two is that Section 350 more narrowly targets deceptive or misleading advertisements, while Section 349 polices a wider range of business practices.'" *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 576 (S.D.N.Y. 2021).

"In addition to showing that the conduct was consumer oriented, '[a] prima facie case requires . . . a showing that [the] defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof." *Harmon v. Major Chrysler Jeep Dodge, Inc.*, 101 A.D.3d 679, 682 (2012). "[A] deceptive act or practice is objectively defined as a representation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances." *Miller v. Kaminer*, 62 Misc. 3d 397, 406 (N.Y. Civ. Ct. 2018) (internal quotation marks and citations omitted). "The primary evidence in a consumer-fraud case arising out of allegedly false advertising is, of course, the advertising itself." *Fink v. Time Warner Cable*, 714 F.3d at 742 ("[E]asily conclude[ing] that Plaintiffs' claims lack the facial plausibility necessary to survive a motion to dismiss" because the "record

did not contain the allegedly deceptive advertisements upon which Plaintiffs base their suit," and

"the allegations of the Complaint are materially inconsistent with the sole advertisement

Plaintiffs have submitted").  "[I]t is well settled that a court may determine as a matter of law

that an allegedly deceptive [practice] would not have misled a reasonable consumer.'"  *Adeghe v.*

*Procter & Gamble Co.*, No. 22-CV-10025 (CS), 2024 WL 22061, at *3 (S.D.N.Y. Jan. 2, 2024).

"Statements that are mere puffery cannot support a claim under GBL Sections 349 or

350, and thus '[c]ourts can determine that a statement is puffery as a matter of law.'"  *Duran v.*

*Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346-47 (S.D.N.Y. 2020). "Subjective claims about

products, which cannot be proven either true or false, are not actionable."  *Kacocha v. Nestle*

*Purina Petcare Co.*, No. 15-CV-5489 (KMK), 2016 WL 4367991, at *16 (S.D.N.Y. Aug. 12,

2016) (internal quotations and citations omitted).  "'Puffery includes generalized or exaggerated

statements which a reasonable consumer would not interpret as a factual claim upon which he

could rely.  *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 241 (S.D.N.Y.

2020).  "The 'puffing' rule amounts to a seller's privilege to lie his head off, so long as he says

nothing specific."  *Id.* (internal citations and quotations omitted); *see also Serbalik v. Gen.*

*Motors Corp.*, 246 A.D.2d 724, 725-26 (1998) (statements such as "great traction, nice

performance, nice riding, of course, and luxurious"; "would have excellent service and would

perform excellently"; and was "of high quality" and "practically maintenance free" were

"nothing more than innocent 'puffery'").  *See Segovia v. Vitamin Shoppe, Inc.*, No. 14-CV-7061

(NSR), 2016 WL 8650462, at *7 (S.D.N.Y. Feb. 5, 2016) (finding statements on defendant's

label about Aminogen are true, and therefore not misleading as a matter of law); *Austin v. Albany*

*L. Sch. of Union Univ.*, 38 Misc. 3d 988, 995–99 (Sup. Ct. 2013) (finding defendant law school's

published employment data for its graduates was neither "false [n]or misleading" because

defendant relied upon the "commonly understood meaning of the term 'employment,'" and

plaintiffs sought to "add a layer of gloss to the term reflective of their particular hopes,

aspirations and expectations regarding legal employment"); *see Fink v. Time Warner Cable*, 837

F. Supp. 2d 279, 283 (S.D.N.Y. 2011), aff'd, 714 F.3d 739 (2d Cir. 2013) (finding claim

"always-on connection" was not deceptive because plaintiffs alleged subpar internet speed with

respect to a narrow subset of application rather than the speed of their overall internet

connection, and "up to" 3x faster than DSL and 100x faster than dial-up was not misleading

because a reasonable consumer would expect speeds could be less than the advertised speeds);

*Adeghe v. Procter & Gamble Co.*, No. 22-CV-10025 (CS), 2024 WL 22061, at *5 (S.D.N.Y.

Jan. 2, 2024) (finding a reasonable consumer viewing the Product's label as a whole would not

conclude that the Product contained enough detergent for 64 full loads of laundry).

Here, the Complaint does not identify a single actionable misrepresentation.  Plaintiffs do

not quote any advertisement, webpage, label, or marketing statement that is allegedly false.

They instead rely on general assertions that On promotes "comfort," "support," or "cushion."

Compl., ¶ 14.  But such statements are classic non-actionable puffery.  Critically, Plaintiffs do

not allege that On ever made a statement—express or implied—that its shoes would be silent, or

would never squeak, or that the CloudTec outsole is designed to prevent noise.  A GBL claim

cannot be premised on the failure to disclose something the defendant never represented in the

first place.  As set forth above, courts consistently reject GBL claims grounded on speculative or

imagined promises that a defendant never made.

       2.     <u>Plaintiffs Fail to Allege Any Material Omission Giving Rise to a Duty to Disclose.</u>

"To state a failure to disclose claim, a plaintiff must plausibly allege that (1) 'a business

alone possesse[d] material information that is relevant to the consumer'; and (2) it 'fail[ed] to

Case No.:  3:25-CV-01852-IM
On Inc.'s Motion to Dismiss, or in the
Alternative, to Strike Class Allegations      28

provide this information.'" *Kommer v. Ford Motor Co.*, No. 1:17-CV-0296 (LEK/DJS), 2018
WL 3727353, at *3 (N.D.N.Y. Aug. 6, 2018). Further, an "omission becomes a
misrepresentation only in a situation in which it renders other statements made by a defendant
misleading." *Henry v. Rehab Plus Inc.*, 404 F. Supp. 2d 435, 445 (E.D.N.Y. 2005). "An
omission is material if the business's failure to disclose is likely to mislead a reasonable
consumer." *Kommer* at *3. In alleging a deceptive or misleading practice, "the plausibility of
the scheme is crucial to pleading a cause of action under GBL § 349, and when the 'most
significant contentions' are made on 'information and belief' plaintiffs will fail to set forth a
cause of action under GBL § 349. . . Thus, the determinative issue is whether Plaintiff has set
forth enough facts to support the contention that the alleged deceptive act or practice plausibly
could have occurred." *Woods v. Maytag Co.*, No. 10-CV-0559 ADS WDW, 2010 WL 4314313,
at *15 (E.D.N.Y. Nov. 2, 2010) (dismissing section 349 claim because "Plaintiff [had] simply
not provided enough factual information to plausibly suggest that the Maytag Defendants had
knowledge of the defect or made misrepresentations to induce purchase of the ovens."); *see
Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605, 610 (E.D.N.Y. 1993) (finding
plaintiffs failed to set forth sufficient allegations for a section 349 claims because it fell "far short
of the quantity and quality of allegations" regarding "the specific time frame from filing, to
demand, to denial of their claim; the presentation of countless documents to the insurer;
numerous meetings between the insured's representatives and Nationwide; and specific
deposition testimony relevant to the claim and Nationwide's response to it" and the "policies and
practices of Nationwide which they contended were in violation of the Insurance Law").

Plaintiffs allege none of the above. They do not and cannot claim that the shoes are
unsafe, that any representation regarding noise was contradicted, or that On had exclusive

knowledge of a fact material to a reasonable consumer.  In fact, the Complaint alleges that

consumers were well aware of the possibility that their shoes could squeak.  Compl., ¶¶ 29-34.

3.    <u>Plaintiffs Fail to Allege Any Injury.</u>

"'Under GBL § 349, a plaintiff must show that he or she was injured as a result of the

defendant's deceptive acts or practices.'"  *Fero v. Excellus Health Plan, Inc.*, 502 F. Supp. 3d

724, 738 (W.D.N.Y. 2020) (internal citations omitted).  Here, Plaintiffs do not allege any

objective diminution in value.  They do not allege that their shoes are functionally unusable,

unsafe, structurally deficient, or otherwise do not function as intended, other than through the

subjective concept of minor and fleeting embarrassment.  Instead, Plaintiffs allege only that they

personally dislike the sound they attribute to ordinary wear conditions.  But a subjective sensory

preference does not constitute an actionable injury under consumer-protection statutes.  More

fundamentally, Plaintiffs' theory ignores that noise is inherently subjective.  What one consumer

considers "annoying" another may view as insignificant or not notice at all.  Consumer-

protection statutes do not allow plaintiffs to impose liability based on an idiosyncratic sensitivity

or personal preference.  Plaintiffs allege no objective benchmark for what constitutes an

unacceptable level of sound for a pair of shoes and under what circumstances, no evidence of

regulatory standards regarding shoe noise, and no allegation that the shoes stop functioning as

intended.  Their claimed injury therefore boils down to a personal dislike of a common footwear

phenomenon—not a legally cognizable economic loss.

Because Plaintiffs do not and cannot allege that the shoes malfunction, fail to provide

advertised performance, or differ in any measurable way from the products they purchased, they

cannot establish actual injury under the GBL (or the CLRA or UCL).  Their theory asks the

Court to recognize a price-premium injury based solely on a subjective reaction to a harmless,

non-functional characteristic.  That is insufficient as a matter of law.

### E.    The Putative Class Allegations Should Be Stricken.

Under Rule 12(f), a court may strike class allegations when the putative class action cannot possibly be maintained on the face of the pleading. *See Tietsworth v. Sears*, 720 F.Supp.2d 1123, 1147-48 (N.D. Cal. 2010) (striking class allegations due to predominance of individual issues on certain claims); *Stokes v. CitiMortgage, Inc.*, No. 14-CV-00278, 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) ("Rule 12(f) also grants courts the authority to strike class allegations that cannot possibly move forward on a classwide basis.") (cleaned up); *Route v. Mead Johnson Nutrition Co.*, No. 12-CV-7350, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) ("[W]here the matter is sufficiently obvious from the pleadings, a court may strike class allegations."). "[A]s the Supreme Court has explained, '[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim.'" *Keen v. Coral Reef Prods., Inc.*, No. 14-CV-00814, 2015 WL 12910696, at *2 (C.D. Cal. 2015) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

### 1.    The Putative Class Is Overbroad and Should Be Stricken Because It Sweeps in Vast Numbers of Uninjured Purchasers.

It is well established that a class definition must be limited to individuals who suffered the alleged injury. *See Messner v. Northshore Univ. HealthSystem*, 669 F3d 802, 825 (7th Cir. 2012) ("[A] class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant."); *see also Pearson v. Philip Morris, Inc.*, 358 Or. 88, 130-36 (2015) (finding that individual issues predominated where class adjudication would require individual determinations of reliance); *Rasmussen*, 27 F Supp 3d at 1045-46 (striking class allegations, explaining that "the definition is overbroad as it includes individuals within the class who have not experienced any issue or defect"); *Sanders*, 672 F Supp

2d at 991 (N.D. Cal. 2009) (striking class allegations *at the pleading stage* where the class definition included, among others, "individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages"). Courts strike such class definitions outright where overbreadth is apparent from the face of the complaint.

Here, Plaintiffs seek to represent *every purchaser* of On shoes with CloudTec technology, regardless of whether their shoes ever produced sound. But the Complaint concedes that the alleged noise varies by user and conditions, and often arises only after months of wear. *See* Compl., ¶ 7. A definition that sweeps in every purchaser, regardless of whether their shoes ever squeaked, necessarily includes innumerable consumers who suffered no injury, cannot establish deception, and have no viable claim. Even among consumers who allegedly experienced some level of noise, Plaintiffs do not allege that all purchasers found it objectionable, misleading, or material. Noise is inherently subjective, and the Complaint itself acknowledges that experiences differ based on gait, moisture, surface type, shoe model, and personal sensitivities. Including consumers who (1) heard no noise, (2) heard intermittent noise, (3) were not bothered by the noise, or (4) never reviewed any On marketing is improper because they suffered no deception, no reliance, and no economic injury. More broadly, it is inherently impossible to define a "squeak," e.g., what is it, what does it sound like, how often does it occur, and how loud is it are all impossibly subjective questions, the answers to which necessarily vary.

Indeed, even if Plaintiffs could plead an injury, which they cannot, class treatment is independently precluded because individualized issues predominate over any common question—even Plaintiffs' price premium theory fails because the value that any consumer may attach to their shoes is a highly individualized inquiry. Specifically, the alleged "squeaking" is not uniform, binary, or objectively measurable. Whether a particular consumer heard noise, how

often they heard it and under what circumstances, whether they found it noticeable, whether they found it objectionable or embarrassing, and whether it affected their valuation of the shoe are all personalized and subjective experiences.  Moreover, under the CLRA, UCL, and GBL, Plaintiffs must show that the alleged omission was material, that they relied on it, and that it caused their alleged price premium.  Whether a squeak (even assuming a squeak can be defined) is "material" to each consumer is not subject to common proof; some consumers may not care about noise at all, some may find it negligible, and some may not notice it.

        2.    <u>The Putative Class Impermissibly Includes Repeat Customers and Those Who Were Otherwise Aware of the Squeaking Possibility Prior to Purchase.</u>

A plaintiff cannot recover in an action for fraud if plaintiff's reliance on a misrepresentation is "manifestly unreasonable" in light of her own "intelligence and experience." *Davis*, 691 F.3d at 1163.  A putative class that includes repeat purchasers of the Product will be unable to establish reliance on a classwide basis.  *See, e.g.*, *Chow v. Neutrogena Corp.*, No. 12-CV-04624, 2013 WL 5629777, at *2 (C.D. Cal. Jan. 22, 2013) (finding misrepresentations are not subject to an inference of classwide reliance because a significant portion of class were repeat purchasers); *see Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 454 (S.D. Cal. 2014) (finding an inference of reliance inappropriate for repeat purchasers); *Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1213-14 (N.D. Cal. 2017) (granting summary judgment on "All Natural" claim because evidence showed plaintiff did not rely on labels, but instead was a long-time purchaser of defendant's chips because he liked the flavor, and the chips "taste[d] good").

Plaintiffs concede that their proposed class includes repeat purchasers.  *See* Compl., ¶ 21 ("Hello all.  I'm on my third pair of cloud surfers and again like all the pairs squeak when I walk. I already got an exchange once from On . . . "), *see also id.*, ¶ 12 ("yeah I have also had multiple

Case No.:  3:25-CV-01852-IM
On Inc.'s Motion to Dismiss, or in the
Alternative, to Strike Class Allegations      33

different On shoes."). *See Algarin*, 300 F.R.D. at 454 ("Indeed, it sounds in common sense that making repeat purchases indicates that the customer's expectations have been met and she was satisfied with the product."); *Spacone*, 2018 WL 4139057, at *8 (finding repeat purchasers who returned to Krazy Glue for a host of reasons were not misled and had not suffered an economic injury). Because repeat customers may purchase the Product, believing or knowing they could squeak, they cannot show reliance, causation, or economic injury as required for their claims. For the same reasons, repeat purchasers also lack standing to bring claims under the UCL and CLRA.

Similarly, first-time purchasers who viewed publicly available information concerning the possibility that On shoes may "squeak" must be excluded from the putative class because they will also be unable to establish reliance, causation, or economic injury.

### F.    <u>Amendment Would Be Futile.</u>

"A proposed amendment is futile where it would be subject to dismissal if allowed." *Oushana v. Lowe's Home Ctrs., LLC*, No. 1:16-cv-01782-AWI-SAB, 2017 WL 2417198, at *3 (E.D. Cal. June 5, 2017). As set forth herein, Plaintiffs cannot pursue their claims for relief because there is no conceivable circumstance under which Plaintiffs can allege reliance, causation, and economic injury sufficient to support their purported claims. The alleged squeak does not implicate safety, durability, or fitness for purpose; it is, at most, an inherent and non-actionable characteristic of footwear, which cannot serve as the basis to support any claims. Accordingly, Plaintiffs have not alleged—and cannot allege—facts constituting a claim for relief. Therefore, any amendment of Plaintiffs' Complaint would be futile.

### IV.    CONCLUSION

For the foregoing reasons, On respectfully requests that the Court dismiss Plaintiffs'

Complaint in its entirety with prejudice, or, alternatively, strike the class allegations from it[2].

DATED this 3rd day of December, 2025

Respectfully submitted,

/s/ *Norman M. Aspis*
DENTONS BINGHAM GREENEBAUM LLP
Caroline F. Brinster, OSB No. 191449
212 West Sixth Street
Jasper, IN  47546
Telephone:  (812) 482-5500
caroline.brinster@dentons.com

DENTONS US LLP
Bety Javidzad (Admitted Pro Hac Vice)
601 S. Figueroa Street, Suite 2500
Los Angeles, CA  90017
Telephone:  (213) 623-9300
bety.javidzad@dentons.com

DENTONS US LLP
Norman M. Aspis (Admitted Pro Hac Vice)
4655 Executive Drive, Suite 700
San Diego, CA 92121
Telephone:     619-235-1414
norman.aspis@dentons.com

Attorneys for Defendant
ON INC.

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b),

54-1(c), or 54-3(e) because it contains 8050 words, including headings, footnotes, and

quotations, but excluding the caption, table of contents, table of cases and authorities, signature

block, exhibits, and any certificates of counsel.

---

[2] Given the pendency of this Motion, On intends to file a motion to stay discovery, or,
alternatively, bifurcate discovery.